**WO**                                                                                         TCK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerry L. Cole, ) | No. CV 07-740-PHX-MHM (MHB) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Joe Arpaio, et al., ) | |
| Defendants. ) | |

**I.   Background**

Plaintiff Jerry L. Cole, who is confined in the Arizona State Prison Complex in Yuma, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. On April 20, 2007, Plaintiff filed an Amended Complaint (Doc. #4). The Court will require a response to the Amended Complaint.

**II.   Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $7.60. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**TERMPSREF**

### III. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

### IV. Amended Complaint

In the Amended Complaint (Doc. #4), Plaintiff alleges the following claims for relief: **(Count I):** Plaintiff alleges that on June 17, 2005, while he was being transported from a court appearance back to the Maricopa County Jail Complex, a transport vehicle driven by C. Harrington was involved in a major accident. Plaintiff asserts that the vehicle did not contain any seatbelts and inmates were seated on a bench chained to other inmates at the time of the accident. Plaintiff claims that the accident caused him to be "violently jerked" and he hit his head on another inmate, twisted his limbs in the restraints and was thrown to the floor of the vehicle, causing him to sustain injuries to his back and neck. **(Count II):** Plaintiff asserts that on June 18, 2005, he submitted two grievances to the Lower Buckeye Jail medical unit concerning his injuries and requested treatment. Plaintiff was advised by Defendant Howard Salmon that the jail staff was aware of his injuries and he would be scheduled for medical help. Plaintiff did not receive treatment. Thereafter, Plaintiff contends that he made numerous requests for treatment including requests to Defendants Shepard and Tate, and he advised them that he had properly followed the grievance procedure but was not receiving treatment. On June 18, Plaintiff was advised by the floor office that he would be seen the following day by medical staff, but he did not receive treatment on that date. Plaintiff submitted another grievance on June 19, but Defendants failed to respond to it. Plaintiff contends that all of his grievances were hindered and ignored by Defendants Shepard and Tate. Plaintiff contends that despite Defendants awareness of

1 his numerous requests for medical care, Defendants failed to provide it.  As a result of the
2 accident, he suffered injuries to his neck and back which were not treated in a timely manner.
3 Named as Defendants are: Joe Arpaio; C.Harrington; R. Tate; Mary Ellen Shepard;  and
4 Howard Salmon.

**V.      Failure to State a Claim**

"To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under the color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." Wood v. Ostreander, 879 F.2d 583, 587 (9th Cir. 1989).  For a person to be liable in his official capacity, Plaintiff must allege that he acted as a result of a policy, practice, or custom.  See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001).

A supervisor, in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Plaintiff has not alleged that Defendant Arpaio enacted or enforced a policy, custom, or practice which resulted in the denial of his constitutional rights.  Further, Plaintiff did not allege that Defendant Arpaio violated his constitutional rights, or was even aware that his rights were being violated.  Accordingly, Plaintiff fails to sufficiently set forth a cause of action against Defendant Arpaio.

With respect to the remaining Defendants, an answer will be required.

**VI. Pending Motions**

Pending before the Court are the following motions: Motion To Amend Complaint (Doc. #3) and Motion for Extension of Time to file a proper IFP (Doc. #7).  These motions will be denied as moot.

## VII.  Warnings

### A.  Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

### B.  Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.  Copies

Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.  Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E.  Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik, 963

1 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any
2 order of the Court).

4 **IT IS ORDERED:**

5 (1) Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**.

6 (2) As required by the accompanying Order to the appropriate government
7 agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee
8 of $7.60.

9 (3) That Plaintiff's Motion To Amend (Doc. #3) and Motion For Extension of
10 Time (Doc. #7) are DENIED.

11 (4) That Defendant Arpaio is dismissed from this action without prejudice.

12 (5) The Clerk of Court must send Plaintiff a service packet including the Amended
13 Complaint (Doc. #4), this Order, and both summons and request for waiver forms for
14 Defendants C.Harrington; R. Tate; Mary Ellen Shepard; and Howard Salmon.

15 (6) Plaintiff must complete and return the service packet to the Clerk of Court
16 within 20 days of the date of filing of this Order. The United States Marshal will not
17 provide service of process if Plaintiff fails to comply with this Order.

18 (7) If Plaintiff does not either obtain a waiver of service of the summons or
19 complete service of the Summons and Amended Complaint on a Defendant within 120
20 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever
21 is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P.
22 4(m); LRCiv 16.2(b)(2)(B)(i).

23 (8) The United States Marshal must retain the Summons, a copy of the Amended
24 Complaint, and a copy of this Order for future use.

25 (9) The United States Marshal must notify Defendants of the commencement of
26 this action and request waiver of service of the summons pursuant to Rule 4(d) of the
27 Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this
28 Order. The Marshal must immediately file requests for waivers that were returned as

1 undeliverable and waivers of service of the summons.  If a waiver of service of summons
2 is not returned by a Defendant within 30 days from the date the request for waiver was
3 sent by the Marshal, the Marshal must:

4     (a)    personally serve copies of the Summons, Amended Complaint, and
5 this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil
6 Procedure; and

7     (b)    within 10 days after personal service is effected, file the return of
8 service for Defendant, along with evidence of the attempt to secure a waiver of
9 service of the summons and of the costs subsequently incurred in effecting service
10 upon Defendant.  The costs of service must be enumerated on the return of service
11 form (USM-285) and must include the costs incurred by the Marshal for
12 photocopying additional copies of the Summons, Amended Complaint, or this
13 Order and for preparing new process receipt and return forms (USM-285), if
14 required. Costs of service will be taxed against the personally served Defendant
15 pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless
16 otherwise ordered by the Court.

17 (10) **A Defendant who agrees to waive service of the Summons and Amended**
18 **Complaint must return the signed waiver forms to the United States Marshal, not**
19 **the Plaintiff.**

20 (11) Defendant must answer the Amended Complaint or otherwise respond by
21 appropriate motion within the time provided by the applicable provisions of Rule 12(a) of
22 the Federal Rules of Civil Procedure.

23 (12) Any answer or response must state the specific Defendant by name on whose
24 behalf it is filed.  The Court may strike any answer, response, or other motion or paper
25 that does not identify the specific Defendant by name on whose behalf it is filed.

26 (13) This matter is referred to Magistrate Judge Michelle H. Burns pursuant to
27 Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

28

1   DATED this 10th day of July, 2007.

_____
Mary H. Murguia
United States District Judge