WO                                                                                                    **JWB**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Jerry Lee Cole, | No. CV 07-0740-PHX-MHM (MHB) |
| Plaintiff, | **ORDER** |
| vs. |  |
| Joseph Arpaio, et al., |  |
| Defendants. |  |

Before the Court is Defendants' Motion to Dismiss (Doc. # 16), Plaintiff's Response (Doc. # 20), and Defendants' Reply thereto (Doc. # 21). The Court will grant Defendants' motion and terminate this action without prejudice.

**I.    Background**

Plaintiff filed this 42 U.S.C. § 1983 action on April 9, 2007, alleging violations of his constitutional rights. On April 20, 2007, Plaintiff filed his First Amended Complaint, presenting two claims for relief against Detention Officer Harrington, Medical Unit Supervisor Howard Salmon, Grievance Supervisor Mary Ellen Shepard, and Grievance Coordinator R. Tate.[1]  In Count I, Plaintiff alleged that Harrington cuffed Plaintiff in a transport vehicle without safety restraints and the vehicle was involved in an accident, causing Plaintiff serious injury. In Count II, Plaintiff claimed that he sought treatment for his injuries but Salmon, Shepard, and Tate did not respond to his requests or grievances.

---

[1] Joseph Arpaio was dismissed without prejudice for failure to state a claim (Doc. # 9).

Defendants were ordered to answer the First Amended Complaint and subsequently filed a Motion to Dismiss on the ground that Plaintiff failed to exhaust administrative remedies before filing suit.

This is Plaintiff's second lawsuit regarding this incident. In October 2005, Plaintiff filed case CV 05-3454-PHX-MHM (MHB), presenting identical claims for relief. On March 7, 2007, the Court dismissed Plaintiff's action without prejudice for failure to exhaust his administrative remedies (Doc. # 62). Plaintiff filed an appeal of the Court's decision but subsequently voluntarily dismissed his appeal (Doc. ## 67, 76).

## II.  Exhaustion

A prisoner must first exhaust "available" administrative remedies before bringing an action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Exhaustion is an affirmative defense. Jones v. Bock, 127 S. Ct. 910, 925-26 (2007). Defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

## III.  Parties' Contentions

Defendants contend that Plaintiff has still failed to exhaust his administrative remedies regarding the claims presented in his First Amended Complaint. Specifically, Defendants argue that Plaintiff did not submit any grievances regarding the lack of safety features in the transport van and failed to appeal his grievances related to the injuries he suffered in the

1  accident. In support of their motion, Defendants submitted: (1) Plaintiff's Complaint from
2  CV 05-3454-PHX-MHM (MHB); (2) the Court's Order dismissing Plaintiff's prior action;
3  (3) the Court's Order denying Plaintiff's motion to amend the judgment in CV 05-3454-
4  PHX-MHM (MHB); (4) an affidavit of Susan Fisher, Hearing Officer for the Maricopa
5  County Sheriff's Office; (5) the Maricopa County Sheriff's Office Inmate Grievance
6  Procedure; and (6) copies of Plaintiff's grievances (Doc. # 16, Exs. 1-7).

7  Plaintiff responded to Defendants' motion, arguing that he was not provided any
8  information about the grievance system. Plaintiff also claimed that he did submit grievances
9  as to Counts I and II of his Complaint and made "reasonable attempts to pursue his
10 administrative remedy" (Doc. # 20 at 2). Rather, Plaintiff claims that Defendants failed to
11 respond to his grievances, did not provide Plaintiff with grievance appeal forms, and impeded
12 Plaintiff's ability to file grievances by placing him in lockdown. Finally, Plaintiff claims that
13 his transfer to the Arizona Department of Corrections (ADC) prevented Plaintiff from
14 appealing his grievances.

15 In Reply, Defendants claim that they did not impede Plaintiff's ability to file
16 grievances and that Plaintiff's allegations, even if true, would not have prevented him from
17 filing or appealing his grievances in this case.

18 **IV.    Analysis**

19 Plaintiff acknowledges that he did not fully exhaust his administrative remedies for
20 the claims in his First Amended Complaint. Plaintiff instead argues that administrative
21 remedies were not "available" to him and, therefore, exhaustion was not required. Brown,
22 422 F.3d at 934-35. But Plaintiff's argument fails for at least four reasons. First, Plaintiff
23 has not specifically named *any* of the officers who refused his request for grievance forms
24 nor has he described with any degree of specificity (such as dates, times, or other identifying
25 circumstances) what transpired to prevent him from filing grievances. Second, Plaintiff's
26 contention that his placement in lockdown prevented exhaustion is simply inaccurate.
27 Plaintiff contends that he was placed in lockdown "at least three other times between June
28 19, 2005 and July 13, 2005" (Doc. # 20 at 5). But Plaintiff has not provided the dates he was

1 allegedly in lockdown, nor has he argued that he received a response to a grievance such that
2 his placement in lockdown prevented him from filing a grievance appeal within 24 hours.
3 Without any specific information as to *how* Plaintiff's placement in lockdown hindered his
4 ability to file a grievance appeal, the Court cannot conclude that Plaintiff has no
5 administrative remedies.

6 Nor was Plaintiff's transfer to the ADC a hindrance to exhaustion. Plaintiff was
7 transferred to the ADC on August 10, 2005—but Plaintiff's appeal to his July 13, 2005
8 grievance was due no later than July 22, 2005, vitiating the possibility that Plaintiff's transfer
9 prevented him from exhausting his administrative remedies (Doc. # 16, Exs. 4, 7).
10 Additionally, Plaintiff's own statements regarding exhaustion are inconsistent. Plaintiff
11 contradictorily claims that Defendants have not demonstrated the existence of a grievance
12 system, but also acknowledges that he utilized it at times. Most importantly, Plaintiff is
13 attempting to re-litigate a claim that was already decided in March 2007. The Court, in CV
14 05-3454-PHX-MHM (MHB), determined that Plaintiff failed to exhaust his administrative
15 remedies related to the accident in the transport van. Plaintiff appealed that decision but
16 voluntarily dismissed his appeal. And Plaintiff has not introduced *any* evidence that alters
17 the conclusion he failed to exhaust. In sum, Defendants have established the absence of
18 exhaustion and their Motion to Dismiss will be granted.

19 **IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. # 16) is **GRANTED**.
20 This action is dismissed without prejudice and the Clerk of Court must enter judgment
21 accordingly.

22 DATED this 28th day of May, 2008.

Mary H. Murguia
United States District Judge

- 4 -